IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: Michael J. Plevyak | : | Chapter 7 |
| | : | |
| Debtor | : | BK No. 5-16-bk-00158 |
| | | |
| SOLAR INNOVATIONS, INC., | : | OBJECTION TO DISCHARGE |
| Plaintiff | : | UNDER 11 U.S.C. § 727, 523 and § 1328 |
| | : | |
| vs. | : | Adversary Docket No.5:20-ap-0088 |
| | : | |
| MICHAEL J. PLEVYAK, | : | |
| Defendant | : | |
| | : | |
| vs. | : | |
| | : | |
| ROBERT P. SHEILS, JR., ESQUIRE, | : | |
| Trustee | : | |

# AMENDED COMPLAINT OBJECTING TO DISCHARGEABILITY UNDER 11 U.S.C. § 523, 727 AND 1328

AND NOW, comes the Plaintiff, Solar Innovations, Inc., ("Plaintiff"), by and through its attorneys, Buzgon Davis Law Offices, and files this Amended Complaint Objecting to Dischargeability Under U.S.C. § 523 and 727, averring as follows:

NATURE OF THE ACTION

1. This is an adversary proceeding brought pursuant to Part VII of the Federal Rules of Bankruptcy Procedure, specifically FRBP 7001(6), to determine whether or not the debt due and owing to Plaintiff by Defendant/ Debtor, Michael J. Plevyak, is dischargeable.

2. Plaintiff seeks the entry of judgment declaring that Plaintiff's judgment against Defendant/Debtor in the amount of $1,182,361.31 is not dischargeable, in whole or in part, pursuant to 11 U.S.C. 523(a)(6), 727(a)(2), 727(a)(3), 727 (a)(4) and/or 727(a)(5).

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 28 U.S.C. §§ 1334(b).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1409(a).

5. This adversary proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(I).

## BACKGROUND AND PARTIES

6. Plaintiff is a Pennsylvania corporation with an address of 31 Roberts Road, Pine Grove, Pennsylvania, 17963.

7. Defendant/Debtor is an adult individual residing at 40 Dahl Road, Bloomsburg, Pennsylvania, 17815.

8. In April of 2004, Plaintiff retained Defendant/Debtor as its Vice-President of Engineering, Research & Development.

9. At the time of his retention, Defendant/Debtor signed an Employee Confidentiality Agreement; a true and correct copy of that Agreement was attached to Plaintiff's original Complaint as Exhibit "A".

10. Prior to resigning his employment with Plaintiff, Defendant/Debtor had surreptitiously established a relationship with Plaintiff's competitor, Acurlite Structural Skylights, Inc.

11. On May 26, 2011, Defendant/Debtor came to Plaintiff's facility and began packing property and materials into boxes, including property that was owned by Plaintiff, for removal from the property.

12. After being confronted by Greg Header about his actions, Defendant/Debtor resigned his employment by way of a letter of resignation, prepared in advance of his arrival at the facility, was attached to Plaintiff's original Complaint as Exhibit "B".

13. As part of the exit process, on May 26, 2011, Defendant/Debtor was provided with a further copy of his executed Employee Confidentiality Agreement (Exhibit "A").

14. Subsequent to Plaintiff's resignation, investigation by Plaintiff's IT Department determined that Defendant/Debtor had, for some period of time prior to his resignation, embarked on a program of deleting electronically stored data from Plaintiff's computer system, including:

    (a) overwhelming majority of the work undertaken by Defendant/Debtor since his hire in 2004;

    (b) data relating to the monster walls, folding walls and screens, hurricane shutters, sliding doors, screens and windows, stacking walls, and terrace doors;

    (c) collaborative work with other employees relating to product development of various lines, including, but not limited to, retractable glass roof, folding, guiding and stacking, window systems and solar racking systems;

    (d) Plaintiff's development and logic drawings in process; and

    (e) reference manuals.

15. Defendant/Debtor retained the deleted information on memory sticks, his personal computers, or other vehicles designed to preserve the data for his own use.

16. Subsequent investigation has also determined the Defendant/Debtor engaged in sabotage of Plaintiff's design process for many projects pending at the time of his resignation,

intentionally altering dimensions and other features that would have led to failed performance of those projects had it not been discovered, leading to the cancellation of various projects and lost revenue of Plaintiff.

17. Defendant/Debtor installed software designed to block the monitoring of his actions by Plaintiff, as well as to impair Plaintiff's efforts to detect and restore deleted data.

18. Defendant/Debtor has deprived Plaintiff of the use of various technical information, drawings and other data owned by Plaintiff and critical to its continued operation.

19. On September 29, 2011, Plaintiff filed suit in the Court of Common Pleas of Schuylkill County, Pennsylvania, Civil Action No. S-2072-11 ("State Court Action").

20. Thereafter, Plaintiff filed a Second Amended Complaint in State Court Action; a true and correct copy of the Second Amended Complaint was attached to Plaintiff's original Complaint as Exhibit "D".

21. Pursuant to Plaintiff's request for preliminary injunction in State Court Action, the Honorable Charles M. Miller entered an Order and Opinion of Court ("Injunction") dated May 11, 2012; a true and correct copy of the Injunction Order and Opinion was attached to Plaintiff's original Complaint as Exhibit "E".

22. The Superior Court affirmed the Honorable Charles M. Miller's Order and Opinion of Court by Order dated March 20, 2013; a true and correct copy of the Superior Court's Order was attached to Plaintiff's original Complaint as Exhibit "F".

23. On July 29, 2013, Defendant/Debtor filed a Voluntary Chapter 7 Bankruptcy Petition in the Middle District of Pennsylvania.

24. Defendant/ Debtor did not file his schedules and, therefore, the July 29, 2013, Bankruptcy Petition was dismissed by Order of Court entered on September 20, 2013, under Section 521(i)(1).

25. Defendant/ Debtor then filed a second Voluntary Chapter 7 Bankruptcy Petition in the Middle District of Pennsylvania on October 25, 2013, to case number 13-05500.

26. On August 19, 2014, Plaintiff filed a Motion to Dismiss Case for Abuse under 11 U.S.C. § 707(b).

27. On November 5, 2014, this Court entered an Order granting Plaintiff's Motion to Dismiss; a true and correct copy of that Court Order was attached to Plaintiff's original Complaint as Exhibit "G".

28. On April 8, 2015, this Court denied Defendant/ Debtor's Motion for Reconsideration of this Court's Order granting the Plaintiff's Motion to Dismiss under 11 U.S.C. § 707(a); a true and correct copy of that Court Order was attached to Plaintiff's original Complaint as Exhibit "H".

29. On October 14, 2015, Plaintiff filed a Motion for Summary Judgment in the State Action and Brief in Support of Motion for Summary Judgment; a true and correct copy of said Motion for Summary Judgment was attached to Plaintiff's original Complaint as Exhibit "I".

30. On January 18, 2016, Defendant/ Debtor filed a Chapter 13 Voluntary Petition, which is his third bankruptcy Petition in less than three years.

31. On March 8, 2016, Judgment was entered against the Defendant/ Debtor in the State Action following a hearing; a true and correct copy of that Court Order was attached to Plaintiff's original Complaint as Exhibit "J".

## **COUNT I – 11 U.S.C. 523(a)(6)**

32. Pursuant to 11 U.S.C. §523(a)(6), Plaintiff's judgment (Exhibits "I" and "J") against Defendant/Debtor is non-dischargeable, in whole or in part, because the conduct that resulted in the judgment constituted willful and malicious injury to Plaintiff.

33. Specifically, Defendant/Debtor's willful and malicious injury to Plaintiff included the following:

(a) Collecting wages and benefits from Plaintiff in an amount of at least $57,290.37 while conspiring with Acurlite and not performing beneficial services for Plaintiff;

(b) Collecting wages and compensation from Plaintiff's competitor, Acurlite, and others in violation of his non-compete agreement and/or in furtherance of his conspiracy;

(c) Cancelled contracts and other damages due to Defendant/Debtor's active sabotage of projects in amount of $652,941.18;

(d) Restoration of electronic data deleted by Defendant/Debtor in the amount of $3,562.50

(e) Litigation costs totaling $397.095.06

All resulting in the entry of judgement in favor of Plaintiff and against Defendant/Debtor in the amount of $1,182,361.31. See Exhibit J attached to Plaintiff's original Complaint.

34. Defendant/Debtor's actions, specifically the nature of conduct leading to the judgment against him, render the debt of Plaintiff non-dischargeable.

## **COUNT II – 11 U.S.C. 723(a)(2)**

35. Prior to his initial Chapter 7 filing and during the pendency of Plaintiff's state court claim, Defendant/Debtor converted $334,741.72 in deposit accounts to cash through a series of withdrawals from his First Columbia accounts in 2012-2013.

36. The Defendant/Debtor has actively concealed from this Court some or all of $334,741.72 in assets that he converted to cash in 2012-2013 by failing to disclose the assets in his Petitions, Schedules, testimony and Plans filed with this Court.

37. During proceedings in the Schuylkill County matter following the entry of judgment against him, Defendant has been ordered to make an accounting of the funds converted to cash.

38. In response, Defendant/Debtor filed the "accounting" attached to this Amended Complaint as Exhibit "K".

39. Despite repeated and regular requests, Defendant/Debtor has not brought forward a single piece of corroborating documentation of the expenditures of the funds.

40. In fact, Defendant/Debtor has been found in contempt on multiple occasions by Judge Goodman of the Court of Common Pleas of Schuylkill County (including after the filing of the "accounting") for failing to document any such expenditures; a true and correct copy of those Orders are attached as Exhibit "L".

41. Plaintiff asserts that Defendant/Debtor still has a substantial portion of that cash hidden and available for his periodic use, as evidenced by periodic deposits to his checking account during periods when he had no established source of income.

42. Defendant/Debtor concealed and/or spent the funds described in this Count with the intent to defraud his creditors, primarily the Plaintiff, in violation of 727(a)(2).

43. Defendant/Debtor's actions render the debt of Plaintiff non-dischargeable.

### COUNT III – 11 U.S.C. 723(a)(2)

44. In addition, Defendant/Debtor has actively concealed, spent and/or transferred the following assets that he received during the pendency of this proceeding:

(a) funds that Defendant/ Debtor alleges to have received from his parents prior to their passing, totaling $19,325.00,

(b) an additional $25,000.00 in cash which Defendant/ Debtor stated during testimony he received from his parents prior to and/or subsequent to their passing,

(c) the inheritance Defendant/ Debtor received from his step-father, totaling $2,670.00, and

(d) the amount he received from the Judgment he obtained against Jeffrey A. Forsburg in the amount of $4,543.40, which amount was paid to Defendant/ Debtor through the Lancaster County Sheriff's Department by cashier's check on May 15, 2019.

45. Defendant/Debtor routinely did not disclose these assets until confronted about the assets during hearings in the pending bankruptcy.

46. Defendant/Debtor concealed and/or spent the funds described in this Count with the intent to defraud his creditors, primarily the Plaintiff.

47. Defendant/Debtor's actions render the debt of Plaintiff non-dischargeable.

### COUNT IV – 11 U.S.C. 723(a)(3)

48. Defendant/Debtor has destroyed and/or failed to retain records relating to the claimed expenditure of assets described in paragraphs 35-41, as well as paragraphs 44.

49. Defendant/Debtor's actions in purportedly spending over $330,000, in less than a year and a half and retaining/having no records to document the spending, render it impossible to verify his financial condition and/or residual assets.

50. Defendant/Debtor's actions in purportedly spending some of the funds received during the pendency of this proceeding (paragraph 44) without retaining any records about the expenditures is totally unjustifiable.

51. Defendant/Debtor's actions render the debt of Plaintiff non-dischargeable.

### COUNT V – 11 U.S.C. 723(a)(4)

52. Defendant/Debtor has made false statements/oath in the following respects;

(a) Defendant/Debtor failed to disclose the remaining cash assets that he converted to cash in 2012-2013 in his Petition(s), the Schedules, testimony and the six Chapter 13 Plans he filed in the case;

(b) Defendant/Debtor failed to disclose the assets received during the pendency of the Chapter 13 proceeding, as identified in paragraphs 44, in subsequent Plans filed with the Court;

(c) Defendant/Debtor failed to disclose sources of income (deposits into his checking accounts). See Official Form 107 and Schedule L filed on Feb. 2, 2016;

(d) Defendant/Debtor filed a Plan with the Court indicating he would fund the Plan with a loan from his mother, despite the fact that his mother was deceased. See Amended Plan filed on July 8, 2016;

(e) Defendant/Debtor filed a Plan with the Court indicating his mother would deposit the sum necessary to fund the plan, despite the fact that she had been deceased for more than a year. See Amended Plan filed on Sept. 27, 2017;

(f) Defendant/Debtor routinely misrepresented the value of his musical instruments and equipment, by his own admission.

53. Defendant/Debtor's actions were with the knowledge that the statements/oaths were false and with the intent to deceive.

54. The statements/oaths were material to the proceedings.

55. Defendant/Debtor's actions render the debt of Plaintiff non-dischargeable.

### COUNT VI – 11 U.S.C. 723(a)(5)

56. Defendant/Debtor has failed to satisfactorily explain the loss/unavailability of the assets described in paragraphs 35-41 and 44 in violation of 723(a)(5).

57. Defendant/Debtor's lack of explanation stems from his:

(a) recognition of a likely significant judgment, as evidenced by the Preliminary Injunction entered in the case and his scheme to shield his investment funds form SI by withdrawing and concealing the funds (paragraphs 35-41 and 44); and

(b) recognition that the funds received during the pendency of this proceeding (paragraph 46) would be payable to SI as part of an approvable plan.

58. Defendant/Debtor's actions render the debt of Plaintiff non-dischargeable.

WHEREFORE, Plaintiff requests your Honorable Court to enter an Order finding that Plaintiff's Schuylkill County judgment against Defendant/Debtor is non-dischargeable.

BUZGON DAVIS LAW OFFICES

BY: */s/ Jason J. Schibinger, Esquire*
    Jason J. Schibinger, Esquire
    Attorney I.D. #86859
    525 South Eighth Street
    Post Office Box 49
    Lebanon, PA    17042-0049
    (717) 274-1421
    Fax: (717) 274-1752
    E-mail: schibinger@buzgondavis.com
    Attorneys for Plaintiff