UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| J. Michael Plevyak, | : | Case No. 5:16-00158-MJC |
| | : | |
| Debtor. | : | |
| Solar Innovations, Inc., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. 5:20-00088-MJC |
| | : | |
| J. Michael Plevyak, | : | |
| Robert P. Sheils, Jr., Chapter 7 Trustee, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On March 22, 2023, Debtor/Defendant J. Michael Plevyak ("Defendant") filed a Motion to Reconsider the March 8, 2023 Opinion and Judgment denying Defendant a discharge pursuant to 11 U.S.C. §§ 727(a)(2)(B), (3), (4), and (5) ("Motion"), Dkt. # 48. On April 4, 2023, Plaintiff Solar Innovations, Inc. filed its Answer to the Motion, Dkt. # 51. The Court held a hearing on the Motion on May 17, 2023 and took the matter under advisement.

Although not stated in the Motion, Defendant's Motion appears to be predicated upon Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59, and more specifically Rule 59(e), applicable here, claiming that the Court made several errors of law. *See* Motion at ¶ 29. The legal standard under Rule 59(e) is as follows:

> "The purpose of a motion for reconsideration," we have held, "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.

1

Case 5:20-ap-00088-MJC    Doc 57    Filed 09/07/23    Entered 09/07/23 14:18:34    Desc
Main Document    Page 1 of 11

1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995).

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999); *accord Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Further, it is well-settled that motions for reconsideration should be granted sparingly because of the courts' "strong interest in finality of judgment." *Griffin-El v. Beard*, 2009 WL 1229599 at *3 (E.D. Pa. 2009) (citation omitted). "A motion for reconsideration is not an appropriate mechanism to relitigate issues the court has already decided, or to ask a district court to rethink a decision it already made." *Baldridge v. GEICO Insurance Company,* 2020 WL 1557284 at *2 (W.D. Pa. 2020) (citing *Williams v. City of Pittsburgh,* 32 F. Supp. 2d 236, 238 (W.D. Pa. 1998); *Reich v. Compton,* 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995); and *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F. Supp. 277, 280 (E.D. Pa. 1991)).

Defendant's Motion is based on only the third prong, *i.e.*, the need to "correct a clear error of law to prevent manifest injustice." Defendant contends that the Court erred as follows:

1. The Court failed, under the principle of collateral estoppel, to give preclusive effect and full faith and credit to the State Court's findings where Defendant satisfied the State Court to avoid a contempt finding;

2. The Court failed to make a finding of intent under 11 U.S.C. § 727(a)(3);

3. The Court erred in finding that Defendant knowingly made a false oath or account under 11 U.S.C. § 727(a)(4); and

4. The Court erred in finding that Defendant failed to explain the "loss" of $250,000 in funds under 11 U.S.C. § 727(a)(5).

**Factual Background**

The facts relating to this matter are exhaustively set forth in the Court's March 8, 2023 Opinion, Dkt. # 44, *In re Plevyak*, 2023 WL 2413624 (Bankr. M.D. Pa. 2023) ("Opinion"), and incorporated herein. This matter spans over a 10-year period surrounding a dispute between Solar and its former employee, after Defendant resigned from his highly skilled position on May 26, 2011. After extensive and protracted litigation in State Court[1], three (3) separate bankruptcy cases, three (3) separate adversary proceedings, seven (7) proposed Plans that all failed while the case was in Chapter 13, failure to properly account for over $250,000 in cash withdrawn from his accounts in the year prior to the filing of his first case, material misrepresentations and omissions discovered in his bankruptcy papers, and after a trial held on April 18, 2022, this Court sustained Plaintiff Solar's Objections to Discharge under 11 U.S.C. §§ 727(a)(2)(B), 727(a)(3), 727(a)(4) and 727(a)(5).[2]

**Collateral Estoppel is Not Applicable Here**

The crux of Defendant's Motion is that this Court failed to apply the principal of collateral estoppel to the State Court's Opinion and Order dated June 22, 2022, which denied Plaintiff Solar's Second Renewed Petition for Contempt ("State Court Order"). The State Court Order was first brought to this Court's attention in Defendant's Post-Trial Brief filed on July 12, 2022 (well after the record was closed in this proceeding), Dkt. # 43-1.[3]

---

[1] On March 8, 2016, the State Court granted summary judgment and entered Judgment in favor of Solar and against Defendant in the amount of $1,182,361.31 ("State Court Judgment").

[2] The Court overruled the Objection to Discharge under 11 U.S.C. §727(a)(2)(A) and denied Solar's claim for a determination that the State Court Judgment is non-dischargeable under 11 U.S.C. § 523(a)(6).

[3] The Court notes that Defendant did not supply any other part of the State Court record. The State Court Order refences an earlier Opinion and Order dated October 23, 2020 and several prior Orders, and that

Without any substantive analysis or legal support, Defendant's Motion states in a conclusory fashion that this Court must be bound by the findings of the State Court under the doctrine of issue preclusion, also referred to as collateral estoppel. Defendant did not cite to any authority finding that the obligations under a state court contempt finding are preclusive to the obligations of a debtor under the Bankruptcy Code. "Once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Metro. Edison Co. v. Pennsylvania Pub. Util. Comm'n*, 767 F.3d 335, 350 (3d Cir. 2014) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).[4]

The Pennsylvania Supreme Court established a five-prong test for issue preclusion:

> (1) the issue decided in the prior case is identical to the one presented in the later action;
>
> (2) there was a final adjudication on the merits;
>
> (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case;
>
> (4) the party ... against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding; and
>
> (5) the determination in the prior proceeding was essential to the judgment.

---

hearings were held on June 25, 2020 and March 15, 2022 relating to the contempt matter, but this Court was not supplied with the prior Orders, hearing transcripts or the underlying contempt pleadings. The State Court Order also references Orders dated June 10, 2019 and October 5, 2019 where Defendant was to be incarcerated but gave him an opportunity to "purge" his sentence by complying with certain conditions. *Id.* at 1-2.

[4] Under the Full Faith and Credit Statute, which provides, in relevant part, that state judicial proceedings "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken." *Metro. Edison*, 767 F.3d at 350 (citing 28 U.S.C. § 1738).

4

*Off. of Disciplinary Couns. v. Kiesewetter*, 889 A.2d 47, 50 (2005); *accord Shaffer v. Smith*, 673 A.2d 872, 875 (1996).

Here, the first prong of the test is not met. The matter pending before the State Court was a Petition for Contempt. Under Pennsylvania law, "[t]o sustain a finding of civil contempt, the complainant must prove … (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." *Lachat v. Hinchcliffe*, 769 A.2d 481, 489 (Pa. Super. Ct. 2001) (citing *Marian Shop, Inc. v. Baird*, 670 A.2d 671, 673 (Pa. Super. Ct. 1996)). A finding of contempt will not lie where a contemnor presents evidence of his present inability to comply. *Barrett v. Barrett*, 368 A.2d 616, 620 (1977).

From what can be gathered from Judge Goodman's decision, the State Court held Defendant in contempt of the State Court's orders of June 10, 2019 and October 5, 2019. Defendant appealed the State Court's decision, which the Pennsylvania Superior Court denied as interlocutory. On December 30, 2021, the State Court reinstated the Order for Contempt and directed that Defendant provide, before March 1, 2022, a detailed accounting of the $334,641.72 that was converted from his First Columbia bank account.

In reviewing the State Court decision, Judge Goodman indicated that the timeframe at issue was 9 or 10 years ago and that Defendant listed <u>estimates</u> of the amount of money he spent on trips and provided <u>no documentation or receipts</u> of the expenditure of funds. Judge Goodman concluded that the information Defendant provided, coupled with the fact that Defendant claimed to have no money left, was sufficient to avoid a finding of contempt and incarceration. Based on the passage of time and lack of records, the State Court determined that it could only come to one conclusion,

*i.e.*, that it was unable to find Defendant in contempt as Defendant could not provide additional information.

However, the State Court's conclusion that Debtor provided an accounting for purposes of the Contempt Petition is very different from the <u>affirmative</u> requirement under § 727(a)(3) to keep or preserve recorded information from which a debtor's financial condition or business transactions might be ascertained. As this Court stated in the Opinion: "Section 727(a)(3) requires a debtor to produce records sufficient to provide creditors or a case trustee with 'enough information' to determine the debtor's financial condition with reasonable accuracy and completeness for a 'reasonable period past to present.'" *Plevyak*, 2023 WL 2413624, at *10. "The statute places an affirmative duty on the debtor to maintain records accurately documenting his financial affairs." *Id.* Pictures of tourist destinations and alleged letters sent in 2022 to records' departments of hotels and airlines requesting information are not "records accurately documenting his financial affairs." Accordingly, Defendant did not provide the information <u>required</u> under § 727(a)(3).

Similarly, this Court found:

> Under § 727(a)(5) [t]he court shall grant the debtor a discharge, unless ... (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." *In re Kilroy*, 354 B.R. 476, 498 (Bankr. S.D. Tex. 2006). To establish a case under § 727(a)(5), the creditor "must prove which assets are 'missing.'" *Id.* (citations omitted). Once the creditor establishes a case, "the burden then shifts to the debtors to provide a satisfactory explanation for that loss." *Id.* (citations omitted).

*Plevyak*, 2023 WL 2413624, at *13. Plaintiff established that over $250,000 was "missing" and unaccounted for. In sustaining Plaintiff's objection to discharge under § 727(a)(5), the Court found that Defendant was not credible and did not meet his burden in providing an adequate explanation for the loss.

The Court finds that Defendant has not provided any meritorious reason to reconsider these findings under §§ 727(a)(3) and (5) of the Bankruptcy Code. Accordingly, the June 22, 2022 State Court Opinion and Order are not entitled to collateral estoppel effect and this Court did not commit an error of law.

**The Court Made Specific Findings to Support Denial of Discharge under 11 U.S.C. §§ 727(a)(2)(B) and (a)(3)**

Defendant's next argument asserts that the Court erred in denying Defendant a discharge under §727(a)(3) because (i) Defendant testified that he did not "believe" he had an obligation to report post-petition assets, and (ii) that the Court's findings were tainted by not giving collateral estoppel effect to the State Court Order. *See* Motion at ¶¶ 18-19. As set forth above, collateral estoppel is not applicable here. As to Defendant's other "argument," Defendant neglects to reference that the Court conducted a detailed analysis as to how Plaintiff met its burden under § 727(a)(3). *See Plevyak*, 2023 WL 2413624, at *9-11.

Defendant failed to identify any error in the Court's analysis of the law relating to the denial of discharge under § 727(a)(3):

> The function of § 727(a)(3) is to provide creditors and the Trustee with sufficient information about the debtor's financial affairs prior to the filing of the bankruptcy. *In re Conde*, 386 B.R. 577, 582 (Bankr. W.D. Pa. 2008) (citing *Meridian Bank v. Alten*, 958 F.2d 1226, 1230 (3d Cir. 1992)). When applied to consumer debtors, a sudden and large dissipation of assets, coupled with a lack of books and records will generally provide a basis for denial of discharge

7

> under this section. *PNC Bank, N.A. v. Buzzelli (In re Buzzelli)*, 246 B.R. 75, 98 (Bankr. W.D. Pa. 2000). To sustain an objection to a discharge under this section, the objecting party must show: (1) that the debtor failed to maintain and preserve adequate records and (2) this failure to maintain makes it impossible to ascertain the debtor's financial condition and material business transactions. *Meridian Bank*, 958 F.2d at 1232. A determination under § 727(a)(3) requires the court to look at all of the circumstances and evaluate everything on a "case-by-case basis." *Conde*, 386 B.R. at 582. The inquiry starts with what a reasonable person would do in similar circumstances. *Meridian Bank*, 958 F.2d at 1231. A court should look at the sophistication, education, and experience of the debtor. *Id.*

*Plevyak*, 2023 WL 2413624, at *10. The Court then reviewed the record and found that Defendant did not maintain and preserve adequate records and that failure made it impossible to ascertain his financial condition. Further, after citing to at least 7 instances where Defendant exhibited a lack of credibility in testifying, *id.* at *10-11, the Court found that Defendant knowingly and intentionally failed to keep adequate records (or no records at all) which provided the basis for this Court to find that there is more than a preponderance of evidence to warrant sustaining the objection to discharge under 11 U.S.C. § 727(a)(3). *Id.* at *11.

Although Defendant's Motion at page 4 seeks reconsideration under § 727(a)(3) it appears that Defendant may also be including an argument under § 727(a)(2)(B) relating to the Court's finding of Defendant's intent. Count III of Plaintiff's Amended Complaint requested a denial of Debtor's discharge under § 727(a)(2)(B), which provides:

> (a) The court shall grant the debtor a discharge, unless—
>
>   …
>
>   (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

> …
>
> > (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(B).

The Court found that Defendant violated § 727(a)(2)(B) and provided several specific instances where it was apparent that Defendant intentionally did not report "property of the estate, after the date of the filing of the petition." *See Plevyak*, 2023 WL 2413624, at *8. Included in this litany of non-disclosures was Defendant's own <u>admission</u> of hiding $25,000 and depositing small increments into his bank account to avoid detection by the bankruptcy "process." *Id.* Defendant asserts that the Court was somehow "biased" by failing to recognize the State Court Order in making these direct findings. Even if this Court gave preclusive effect to the State Court Order regarding the failure to give an accounting, these findings under § 727(a)(2)(B) would not have been affected.

Accordingly, the Court properly determined that Defendant violated § 727(a)(3) and § 727(a)(2)(B).

**The Court did not err in finding that Defendant knowingly made a false oath or account under 11 U.S.C. § 727(a)(4)**

Defendant's argument under § 727(a)(4) also relies upon the Court's failure to give preclusive effect to the State Court Order. Defendant maintains that the failure to properly disclose $25,000 allegedly given to Defendant from his mother was disclosed albeit not in the "most accurate" manner. *See* Motion at ¶¶ 21-24.

To prevail under § 727(a)(4) the Plaintiff must show that:

> (4) the debtor knowingly and fraudulently, in or in connection with the case—

> (A) made a false oath or account;
>
> (B) presented or used a false claim;
>
> (C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act; or
>
> (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

Defendant's Motion again fails to acknowledge that this Court conducted a thorough analysis of Defendant's conduct in finding a violation under § 727(a)(4) as follows:

> In support of this finding, Debtor has admitted that he did not disclose the $25,000.00 his mother had allegedly hidden in her house for him prior to her death in his schedules that were filed under oath. In a "dizzying" colloquy between Debtor's Counsel and Judge Thomas during the 2018 confirmation hearing, Judge Thomas was trying to obtain an answer as to the facts relating to the money allegedly provided by Debtor's mother. 7/10/18 Tr. at 15-22. Debtor's Counsel indicated that Debtor was in possession of at least $19,000.00 in cash from his mother prior to filing his petition that was not disclosed in his Schedules or in his SOFA. 7/10/18 Tr. at 15-22. Based upon this material non-disclosure, the Court finds that Plaintiff has met its burden and its objection to discharge under § 727(a)(4) is sustained.

*Plevyak*, 2023 WL 2413624, at *12 (footnotes omitted).

The Court found by a preponderance of the evidence that Defendant knowingly and fraudulently (i) made a false oath or account and (ii) received money without proper disclosure. *Id.* Accordingly, the Court properly determined that Defendant violated § 727(a)(4).

**<u>Conclusion</u>**

The Court has carefully considered the issues raised in the Motion, which primarily relied upon Defendant's collateral estoppel argument. For the reasons stated above, the Court finds that

10

the State Court Order does not have preclusive effect in this Adversary Proceeding and further finds that no error of law occurred. Accordingly, the Motion is hereby **DENIED**.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: September 7, 2023